IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RENE GAVIOLA,** *Plaintiff,* § § § § | |
| vs. § § | |
| **WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE CARRIGNTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1, ASSET-BACKED PASS-THROUGH CERTIFICATES** *Defendant.* § § § § § § § § | **CIVIL ACTION NO. 4:22-CV-03563** |

### MARIEVIC GAVIOLA'S REPYLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Third-Party Defendant, Marievic Gaviola and files this Reply in Support of Her Motion for Summary Judgment against Wells Fargo Bank, N.A. as Trustee for the Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates' (the **"Trustee"**) claims and would show the court as follows:

### I. INTRODUCTION & SUMMARY OF ARGUMENT

1. This case hinges on whether the statute of limitations expired on the Trustee's ability to collect on a Home Equity Loan (**"Loan"**). The four-year limitation expired twice after the Trustee accelerated the Loan and the Trustee relies on revisionist interpretations of its clear intent to accelerate or de-accelerate the Loan to try and save its foreclosure claim. See Exhibits 1 and 2 in Third Party Defendant Marievic Gaviola's Motion for Summary Judgment (Dkt 22). Furthermore, even if the Trustee can revive its claim against Rene Gaviola through a saving statute, that statute does not apply to Mrs. Gaviola. In this case, Mrs. Gaviola is solely a defendant, asserting an affirmative defense to the third-party plaintiff's untimely foreclosure suit against her.

## II.  REPLY TO DEFENDANT'S OBJECTIONS TO EVIDENCE

2. In its Objections and Motion to Strike Mrs. Gaviola's summary judgment evidence, the Trustee's claims that Mrs. Gaviola's evidence amounts to hearsay and lacks personal knowledge are false because Mrs. Gaviola's evidence are statements made by the Trustee that Mrs. Gaviola personally received. See Third Party Defendant's Motion for Summary Judgment Exhibits 1 and 2 Dkt 22, and Defendant's Objections and Motion to Strike Dkt. 24.

3. The out of court statements that the Trustee seeks to strike are letters sent by the Trustee to Mrs. Gaviola and are not hearsay under USCS Fed Rules Evid R 801(d)(2) as an opposing party statement.  Furthermore, Mrs. Gaviola has personal knowledge of these letters because she personally received them from the Trustee.

4. Mrs. Gaviola moved for summary judgment because the statute of limitations has expired after the Trustee accelerated the Loan.  As evidence, she provided letters she received from the Trustee that say the Loan has been accelerated.  The Trustee's claims that she cannot have personal knowledge of these simple facts are conclusory and false.  Furthermore, the Trustee's claims that Mrs. Gaviola cannot have personal knowledge that the loan was accelerated or that the statute of limitations has expired has no merit whatsoever.  Mrs. Gaviola personally received these letters from the Trustee that say the loan was accelerated and a declaration attesting to those facts is proper.

## III.  ARGUMENT & AUTHORITIES

5. A defendant who moves for summary judgment must either negate one essential element of the non-movant's cause of action or prove all essential elements of an affirmative defense. Tex. R. Civ. P. 166a(c).  "A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day

the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a).

### A.  Proper notice is a defense of the borrower, not the lender.

6.     When the Trustee sent each notice of acceleration, the documents speak for themselves and serve as admissions of a party opponent. The claim that these notices of acceleration are not sufficient proof the loan was accelerated by the third-party plaintiffs and/or their predecessors in interest is contrary to the plan assertions made in the documents. To the extent that some other condition precedent could have existed to effectuate the acceleration (which the third-party plaintiffs imply but do not prove), it was clearly waived.

7.     There was no ambiguity in the Trustee's intent to accelerate on May 16, 2013, and again on October 9, 2018.  Both letters were titled "NOTICE OF ACCELERATION" and plainly state, "The Beneficiary has accelerated the maturity date of the Note and has declared all sums secured by the Deed of Trust to be immediately due and payable."  Also, the third party plaintiffs pleads contradictory facts their his Response by claiming in one section the Loan was never accelerated because they didn't send a required notice, and in another, that the Trustee's acceleration was abandoned. See Defendant's Response Summary Judgment (Dkt. 25).  The Trustee skirts around this issue carefully because if it did accelerate the Loan, which it did via the Notice of Acceleration letters, then the statute of limitations has expired, and Mrs. Gaviola is entitled to summary judgment.

### B. The Trustee has a de-acceleration letter and did not send it until after the statute of limitations had expired, if at all.

8.     Texas Courts and Federal District Courts applying Texas law have held "representing to the mortgagor that payment of less than the entire obligation will bring the loan current **may** amount to abandonment or waiver of the acceleration as a manifestation of "**actual intent to relinquish**" it." *Martin v. Fannie Mae*, 814 F.3d 315, 318-19 (5th Cir. 2016) (citing

*Boren v. United States Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015)); *See also*, *Cross v. Bank of N.Y. Mellon*, No. H-20-1322, 2021 U.S. Dist. LEXIS 117033, at *14 (S.D. Tex. 2021) ("The effectiveness of a purported abandonment can be determined by reference to traditional principles of waiver, which include "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right.").

9. As shown above, the Trustee unequivocally accelerated the Loan on May 16, 2013, and again on October 9, 2018. The Trustee argues that it de-accelerated the loan on July 21, 2015, and again on August 24, 2021, but the letters it sent were offers of reinstatement, not a de-acceleration. The offers of reinstatement did not assert any intent to de-accelerate and if the Trustee had intended to de-accelerate the Loan, it would have sent its de-acceleration letter, like it did on July 27, 2017. See Exhibit 1-L in Defendant's Response to Motion for Summary Judgment Dkt 23. This retroactive manipulation of its intent to save its claim is also evidenced by their failure to include the acceleration letters in their exhibits. See Defendant's Motion for Summary Judgment (Dkt. 21).

**C. The Saving Statute does not apply to Third-Party Claims**

10. Finally, the Trustee argues that Tex. Civ. Prac. & Rem. C. 16.069 operates to save the Trustee from the statute of limitations because it bought a timely counterclaim against Rene Gavioa in response to his declaratory judgment suit.

11. The argument also fails, because the claim brought against Mrs. Gaviola is not a counter or cross claim, but a third-party action. Section 16.069 does not provide a statute of limitations saving exception for third-party claims. See *SJW Prop. Commerce, Inc. v. Southwest Pinnacle Props.*, 314 S.W.3d 166, 2010 (Tex. App. Corpus Christi Apr. 28, 2010); *J.M.K. 6, Inc. v. Gregg*

*& Gregg, P.C.*, 192 S.W.3d 189, 199 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

## IV.  CONCLUSION

12. Mrs. Gaviola is entitled to summary judgment because the statute of limitations expired on the Trustee's right to collect on the Loan.  Mrs. Gaviola has provided sufficient evidence to show the loan was accelerated, twice, that the statute of limitations expired, twice, and the Trustee's improper application of the Texas Property code and saving statute does not upend Mrs. Gaviola's right to summary judgement.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant, Marievic Gaviola, prays the court dismiss the Third-Party Plaintiffs' claims against her.

Respectfully Submitted,

MEDEARIS LAW FIRM, PLLC

By:_____
David Medearis,
SBN 24041465
Fed ID 557586
Medearis Law Firm, PLLC
1560 W. Bay Area Blvd., Suite 304
Friendswood, TX 77546
dmedearis@medearislaw.com
**ATTORNEY FOR THIRD-PARTY DEFENDANT Marievic Gaviola**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29 September 2023, a true and correct copy of the attached **Third-Party Defendant Marievic Gaviola's Motion for Summary Judgment** was mailed certified mail, return receipt requested and/or hand delivered and/or faxed and mailed regular mail and/or served electronically to all counsel of record.

_____
David Medearis